THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES G. PARENT, Defendant-Appellee.

Third District   No. 3—86—0006

Opinion filed October 30, 1986.

John A. Barra, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard H. Parsons, of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The State brings this appeal of the trial court's grant of defendant James Parent's motion to suppress evidence. The trial judge found that certain weapons and an alleged explosive device were found as a result of an improper search. We reverse and remand.

Defendant was charged with aggravated assault, reckless conduct, and possession of explosive or incendiary devices. The charges stemmed from the events occurring on the night of July 21, 1985, and early the following morning. At about 11:30 p.m. on July 21, defendant was arrested at his house for various charges. The arrest resulted from a confrontation defendant had with his neighbors. Defendant posted bond and was released.

Police officers were again summoned to defendant's neighborhood at approximately 3:30 a.m. on July 22. The police had received a call concerning gunshots being fired in the area. On their approach to defendant's house, the officers saw defendant run from his front yard to his house. The officers were informed that defendant had automatic weapons in the house. The officers proceeded to arrest the defendant for the second time.

At the time of defendant's arrest the officers noticed a handgun partially exposed under a blanket on a chair. While the defendant was being arrested, his girlfriend was walking around the living room of the house. Police asked her whether any other people or weapons were in the house. She stated that no other people or weapons were in the house. Defendant's girlfriend then walked towards the kitchen. One officer followed her and observed a chrome-plated pistol on a kitchen stool. (The seizure of these guns was challenged in defendant's motion; as to these weapons, the motion was denied.) Defendant was transported to the police station; his girlfriend remained at the house.

The remaining officers then conducted a "walk through" inspection of the house. The officers stated the reason for the "walk through" was to insure that no other persons or weapons were in the house. After defendant was removed from the house, a search warrant was obtained. Various other weapons, in addition to those discussed above, seen in plain view during the "walk through" were seized. Also seized was an old record player that was alleged to be an explosive device.

A hearing was held on defendant's motion to suppress. Defendant, his girlfriend, and the police officers on the scene all testified.

After argument and memoranda, the trial judge granted the motion as to weapons and the device found pursuant to the warrant. The court found that the police had no reason to make a "walk through" search of defendant's home after the defendant had been placed in custody. The State filed a certificate of impairment and brought this appeal.

■ Both parties agree that police have the power to conduct protective sweeps without a search warrant if exigent circumstances exist. (*People v. Free* (1983), 94 Ill. 2d 378, 447 N.E.2d 218.) The issue presented this court is whether exigent circumstances existed at the time the police conducted the walk through.

■ "The guiding principle is reasonableness in fourth amendment searches and seizures. [Citation.] In determining whether law-enforcement officials acted reasonably in a given case, courts should judge the circumstances as known to the officials at the time they acted. [Citation.] (*People v. Free* (1983), 94 Ill. 2d 378, 395, 447 N.E.2d 218.) We find that under the circumstances presented, the police had reason to believe that there may had been more weapons in the house. The officers testified that defendant's girlfriend told police that no other guns or people were in the house. However, as indicated above, the officers saw other weapons in plain view in the house. Her denial that further weapons existed certainly did not have to be believed. The pistol observed after her denial and those found pursuant to the search warrant supported their doubts as to her veracity. The officers acted reasonably and lawfully under the circumstances then existing.

Our supreme court, in *Free*, cited with approval Professor La-Fave's statement: "Even with [the accused] in custody, the police may have good reason to doubt whether they can withdraw from the area with their prisoner without being fired upon, in which case *** [a] 'protective sweep' is justified." 2 W. LaFave, Search and Seizure sec. 6.4(c), at 431 (1978).

This court has approved, in prior cases, of "walk through" searches after an arrest. (*People v. Carmack* (1982), 103 Ill. App. 3d 1027, 432 N.E.2d 282.) In *Carmack*, the police, while waiting on Carmack's doorstep for a search warrant, conducted a "walk through." We approved of the search due to the exigency of the situation, and the possibility of the existence of an accomplice. A factor to be considered is the presence of weapons or persons who might pose a threat to the officers. 103 Ill. App. 3d 1027, 1034-35, 432 N.E.2d 282.

■ The instant situation was more urgent than that in *Car-*

*mack.* The officers were faced with a recalcitrant suspect. He was rearrested less than five hours after a prior arrest for which he bonded out. The police responded to calls that shots were being fired. They were told by those on the scene that defendant had been firing weapons, that he had automatic weapons, and that he had explosive devices. These facts, in addition to the discovery of the pistol in the kitchen immediately after defendant's girlfriend apparently denied that other weapons were in the house, lead us to conclude that the circumstances were sufficiently exigent to mandate a warrantless "walk through" search of the premises. The police were reasonably justified in being concerned about the presence of other weapons in the house and their own safety.

■ Defendant argues, however, that the decision of the trial judge was one of fact and, as such, cannot be overturned unless we find it to be manifestly erroneous. (*People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280.) We do not find the decision challenged to be one of fact. The trial judge based his decision on his opinion that the police had no reason to conduct a "walk through" search. The case law previously cited contradicts that finding. No issue of fact existed as to who was in the house, whether the defendant was in custody, or at what point the police conducted the search. While there was an evidentiary conflict as to when the weapons were seized, a review of the record shows that the trial judge did not make his decision based on that factual issue.

For the foregoing reasons, the circuit court of Peoria County is hereby reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.